Filed 11/18/20  P. v. Glover CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075105 |
| v. | (Super.Ct.No. FVI18001638) |
| ROBERT ALLAN GLOVER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Robert Allan Glover appeals from an order of the San Bernardino Superior Court revoking his probation.  We will affirm.

1

## BACKGROUND

In June 2019, defendant entered a plea of no contest to a charge of vandalism of property valued over $400 in violation of Penal Code section 594, subdivision (b)(1). The court sentenced him to three years in county prison, gave him credit for 180 days, placed him on mandatory supervision, ordered his release from custody, and ordered him to appear at the probation department on a specific date.

The following month, the People petitioned for a warrant for defendant's arrest and revocation of his mandatory supervision. They averred that defendant's whereabouts were unknown and that he had failed to comply with the court's order to report to the probation department. Efforts to locate him had not been successful because he had not provided a current address, and the last telephone number defendant had provided was answered by someone who denied knowing him.

At the conclusion of a March 2020 contested hearing on the petition, the court ordered defendant's mandatory supervision revoked.

Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts, and two potential arguable issues: (1) whether the trial court abused its discretion in admitting hearsay at the revocation hearing, and (2) whether the trial court abused its discretion in denying defendant a grant of mandatory supervision

2

after it was revoked. Counsel also requested this court to undertake a review of the entire record.

When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court is required to offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize, however, that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. (*Cole*, at pp. 1038-1039 [Second App. Dist., Div. Two, did not review the record and exercised discretion to dismiss the appeal as abandoned when defendant did not file a supplemental brief]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Div. Three of this court exercised discretion to conduct independent review of the record even though defendant did not file a supplemental brief]; see generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fns. 7, 8 [court has inherent power to retain or dismiss an appeal from a conservatorship proceeding upon receipt of a no-issues brief from appointed counsel].)

In this case, appointed appellate counsel filed a no-issues brief in an indigent defendant's appeal from orders made in a postconviction proceeding.  We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We exercised our discretion to conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106 and found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
             P. J.

We concur:

McKINSTER  
    J.

MILLER  
    J.

4